# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CRAMAR, INC.,**
**d/b/a DUCHOW'S BOAT CENTER,,**

        **Plaintiff,**

**v.**                                     **Case No. 04-C-0140**

**GODFREY MARINE,**

        **Defendants.**

## DECISION AND ORDER

Before the Court is Godfrey Marine's ("Godfrey") motion for reconsideration of the Court's order of March 2, 2005, which granted default judgment in favor of the Plaintiff, Cramar, Inc., d/b/a Duchow's Boat Center ("Duchow"). The Court granted default judgment because the Court believed Godfrey inexcusably violated the Court's earlier order of September 13, 2004, which directed Godfrey to produce certain documents to Duchow. After reconsidering the matter, the Court will vacate its order of March 2, 2005, and will amend the scheduling of this litigation.

### BACKGROUND

In April 2004, Duchow served upon Godfrey a set of document requests. A discovery dispute ensued, and the parties brought their grievances to the Court. In its order of

1

September 13, 2004, the Court resolved the dispute, and ordered Godfrey to produce documents in response to request numbers 4, 12-14, 27, 28, 30-32, and 49-52.

On January 31, 2005, Duchow filed a 7.4 Expedited Motion, asking the Court, among other things, to grant Duchow default judgment because Godfrey had not complied with the Court's order of September 13, 2004. Duchow alleged that Godfrey's production was "woefully inadequate," and that the documents that Godfrey actually produced were so late that it impinged upon Duchow's ability to fully depose key witnesses. The Court agreed that Godfrey was in noncompliance with the Court's order of September 13, 2004, and, on February 16, 2005, ordered that all outstanding documents be produced by February 21, 2005, that Godfrey produce two witnesses for further depositions, and that Godfrey pay all reasonable attorneys' fees and costs incurred by Duchow in bringing its Rule 7.4 Motion. The Court decided, at that point, not to grant default judgment in favor of Duchow.

The Court's motion of February 16, 2005, was followed by further complaints by Duchow that Godfrey was still not compliant with the Court's directives. In a letter dated February 24, 2005, Duchow renewed its request for sanctions in the form of default judgment because Duchow claimed that only three of the 114 pages produced by Godfrey on February 21, 2005, were responsive. The Court became convinced that Godfrey was not in compliance with either of the earlier orders, and granted default judgment in favor of Duchow.

Understanding the context in which the foregoing discovery dispute took place illuminates this matter further. Early in this litigation, on July 16, 2004, Godfrey filed a

2

motion for summary judgment. Godfrey accompanied its motion with a motion to stay discovery of the issues not related to Godfrey's summary judgment motion. The Court, in its order of September 13, 2004, denied Godfrey's motion to stay discovery, finding no reason to bifurcate the proceedings.

Following the Court's denial of Godfrey's motion to stay discovery, inexplicable delays occurred in Godfrey's production of documents. For instance, it was not until over two months after the Court's order of September 13, 2004, that Godfrey first produced some of those documents. And, not until nearly two months after that, on January 14, 2005, did Godfrey produce much of the relevant documents that the Court ordered it to produce four months earlier. Godfrey's attorneys, at the time, said they purposely delayed the production of those documents because they alleged that Duchow was late in producing their documents.[1]

Duchow suspected another reason for these delays – that Godfrey was attempting to delay discovery in the hopes that the Court would first grant its summary judgment motion, which then would make all of the pending discovery requests, and the Court orders to comply with those discovery requests, moot. In other words, Godfrey was attempting to effectively

---

[1] The Court noted, in its order of February 16, 2005, that this excuse is unreasonable. (Court's Order, 2/16/05, p. 6). Indeed, by waiting to produce those documents until January 14, 2005, on the eve of key depositions that were to occur in Indiana, and then to provide such a poor excuse for the delay after the fact, is extremely disturbing. The Court reminds Godfrey's attorneys that not only are they their client's advocates, but also are officers of this Court. The Court expects them, therefore, to comply with the Court's orders promptly and in good faith. The Court is loathe to hold attorneys in contempt, but will do so if problems persist in the future. *See Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 737 (7th Cir. 1999) ("A court's civil contempt power rests in its inherent limited authority to enforce compliance with court orders and ensure judicial proceedings are conducted in an orderly manner.").

3

bifurcate the proceedings, something the Court refused to do earlier. As will be discussed below, the Court will create a new scheduling of this litigation that will remove any such possible incentives.

**DISCUSSION**

While the Court was acting well within its authority under Federal Rule of Civil Procedure 37(b), which allows the Court to render "a judgment of default against [a] disobedient party" in circumstances that "are just," circumstances are "just" when default judgment is proportional to the violation. *See Newman v. Metropolitan Pier & Exposition Auth.*, 962 F.2d 589, 591 (7th Cir. 1992). Upon learning, in more detail, about the nature of the discovery dispute in the more substantial briefing of the motion for reconsideration, the Court now believes that a judgment of default against Godfrey was not just.

The Court remains convinced that judicial resources have been needlessly wasted, and a substantial burden was imposed upon Duchow, because of Godfrey's inexcusable delays in complying with the Court's order of September 13, 2004. However, the sanction of default judgment should not have been imposed in response to a 7.4 Expedited Non-Dispositive Motion. While Godfrey substantially delayed in complying with the Court's order, it did respond well enough, eventually, to avoid default judgment.[2]

I. <u>Specific Document Requests To Which Godfrey Was Ordered to Respond</u>

The document requests that the Court ordered Godfrey to comply with can be grouped

---

[2] Godfrey's attorneys are on notice, though, that the Court's patience has run out. Further, inexcusable delays will not be tolerated.

4

into nine categories. The Court will briefly discuss each of these categories below.

### A. Request Numbers 4 and 14

In request numbers 4 and 14, Duchow sought the production of termination notices that Godfrey sent to any of its other dealers during the past twelve years. On November 17, 2004, Godfrey delivered 757 documents, that included termination documents, correspondence on display and stocking, notes and other documents regarding trade show and showroom displays, form dealer agreements, the Canadian Wholesale file, and Duchow's customer satisfaction index reports. Godfrey also accompanied this production with a letter stating that it would allow Duchow to inspect documents at its facility in Elkhart, Indiana. (Leitner Decl. ¶ 9 and Exh. F).

While production should have been provided sooner, it appears that, ultimately, Godfrey complied with this aspect of the Court's order.

### B. Request Number 12

In request number 12, Duchow sought documents bearing on the monthly, quarterly, and annual sales of all Godfrey dealers for the period of 2001-2003. On December 13-14, 2004, Godfrey allowed Duchow's attorneys to review documents at Godfrey's facility in Elkhart, Indiana. During this two day period, Duchow had access to inspection records from its accounting, sales, marketing, warranty and shipping departments. After reviewing these documents, Godfrey agreed to copy and delivery 3662 pages of documents that Duchow believed were relevant. Thus, here too it appears that Godfrey, at least in part, complied with

5

the Court's order.

There are specific disputes, though, pertaining to this request regarding four types of documents. First, Duchow claims it is entitled to what are called "green bar sheets," which are given to dealers at Godfrey's annual dealer meetings. These sheets include information relating to the "popular" boats of previous years. Duchow is entitled to either (a) a production of those documents, or (b) a truthful statement from Godfrey that those documents are no longer in Godfrey's possession. Godfrey has, apparently, offered the latter, stating that it does not have those documents in its possession. This response is sufficient, but Godfrey still has the obligation to reasonably search its records and provide these "green bar sheets" if it later discovers that they are in its possession.

Second, Duchow claims that it is entitled to "combined sales reports" that Ed Fisher, Godfrey's District Sales Manager, said he maintained. (Fisher 32:21-24.) These documents have not yet been produced to Duchow. While this noncompliance is troubling to the Court, it does not rise, at this time, to the level of a default judgment sanction. Godfrey is ordered to provide Ed Fisher's "combined sales reports" by January 10, 2006.

Third, Fisher stated, in his deposition, that there were documents showing dealer commitments to particular annual sales levels for various years. Fisher said that he recorded "annual volume for all the dealers in [his] territory." (Fisher 100:8-10.) He claimed that he sometimes writes down this information or puts it "into the system." (Fisher 101:7-10.)

6

These documents must be produced by Godfrey no later than January 10, 2006.[3]

Fourth, Duchow believes it is entitled to "the performance plans for every one of its dealers." (Brief in Opposition to Motion to Reconsider, p. 17). Godfrey contends that these documents do not exist, but the Court finds no sworn testimony supporting that contention. Therefore, the Court also expects the performance plans to be produced to Duchow by January 10, 2006.

C.  Request Number 13

Request number 13 demanded Godfrey provide documents identifying the volume of inventory of all Godfrey dealers during the period of 2001-2003. On January 14, 2005, Godfrey sent Duchow documents responsive to this request, specifically sheets labeled "Dealer Inventories" for certain months within the 2001-2003 period. Again, while no legitimate excuse exists for the documents' late production, and said delay puts it on the cusp of deserving default judgment, Godfrey ultimately complied and, the Court will, for now, withhold this sanction.

D.  Request Number 27

In request number 27, Duchow asked for any documents relating to communications between Godfrey and its dealers regarding the location of Godfrey products at trade shows. On November 17, 2004, Godfrey produced documents responsive to this request. (Duncan

---

[3] There is a question whether Godfrey must produce records that are kept in its computer system. If the record can be "readily compiled into viewable information, whether presented on the screen or printed on paper, [it] is a . . . 'document' under Rule 34." *Williams v. Sprint/United Management Co.*, 230 F.R.D. 640, 650-651 (D. Kan. 2005). Godfrey is bound to produce such documents.

7

Decl. ¶ 6). Godfrey also made available to Duchow three boxes of co-op advertising records. (*Id.*).

E. Request Number 28

Request number 28 sought documents identifying resellers selling Godfrey's pontoon line on an exclusive basis. On December 2, 2004, Godfrey produced a list of all such dealers. (Duncan Decl. ¶ 7). The Court finds it inexcusable that its September 2004 order in this regard was not complied with until December 2004, but again, Godfrey, because it has finally complied, avoids default judgment.

F. Request Number 30

In request number 30, Duchow sought communications between Godfrey and its dealers related to exclusivity. Godfrey has affirmatively stated that it does not have specific communications responsive to this request. (Duncan Decl. ¶ 9).

G. Request Number 31

Duchow sought, in request number 31, documents regarding Godfrey's requirements of exclusivity by resellers of products supplied by Godfrey. Godfrey has stated that it has no documents setting forth such requirements other than the "program sheets" and the termination documents produced in response to request number 4. (Deputy Decl. ¶¶ 3-4).

H. Request Number 32

In request number 32, Duchow sought documents pertaining to Godfrey's exclusivity requirements for the sale of deck boats. Again, Godfrey has stated that it does not have such

8

documents, other than the "program sheets" and the termination documents that were produced as part of the response to request number 4.

    I.       Request Numbers 49-52

These requests relate to information regarding Lauderdale Lakes, a dealer appointed by Godfrey in March 2002. Godfrey, apparently, produced documents in response to these requests on November 17, 2004, and December 2, 2004.

II.       Scheduling of Litigation

The trial for this case was originally slated for April 4, 2005. Unfortunately, because of the discovery disputes that ensued, and the inexcusable delay of Godfrey in complying with parts of the Court's order of September 13, 2004, the scheduling of this litigation was pushed back. The Court does not intend to needlessly expend additional judicial resources nor delay proceedings any further because of discovery disputes, and expects the parties to resolve those disputes in a reasonable, mutually agreeable, and professional manner. The Court will not hesitate to impose severe sanctions on any party for any additional unreasonable delays or noncompliance.

The Court will allow three additional months of discovery. All discovery in this case will be completed by March 3, 2006. Dispositive motions will be filed on or before April 3, 2006. To avoid any incentive that a party will delay discovery in hopes that the Court will first grant a dispositive motion, the parties are on notice that the Court will not consider any dispositive motions in this case until after April 3, 2006.

9

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Godfrey's Motion for Reconsideration (Docket #95) is **GRANTED**.

The Court's Order of March 2, 2005, (Docket # 93) is **VACATED**. Because the Court's Order of March 2, 2005 is vacated, Godfrey's motion for summary judgment (Docket # 31), which was dismissed as moot on March 2, 2005, is now again pending before this Court.

Godfrey's Motion for Hearing and Oral Argument (Docket # 132) is **DENIED.**

Godfrey **SHALL** produce its combined sales reports, documents showing dealer commitments to particular annual sales levels, and performance plans of its dealers, which is all in response to request number 12, **no later than January 10, 2006.**

The Court's Scheduling Order (Docket # 11) is hereby **AMENDED.** All discovery in this case will be completed by **March 3, 2006.** All dispositive motions will be filed on or before **April 3, 2006.**

Godfrey shall pay the costs Duchow incurred for the bringing of the default judgment motion and the response to Godfrey's motion for reconsideration.

Dated at Milwaukee, Wisconsin this 6th day of December, 2005.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa
Chief Judge**